

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
NOV 21 2011
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**KELVIN BUCK, THOMAS PLUNKETT, JEANETTE SELF, CHRISTOPHER TAYLOR, JAMES CROWELL, CLARENCE MAGEE, and HOLLIS WATKINS, on behalf of themselves and all others similarly situated**                                                **PLAINTIFFS**

VS.                                   CIVIL ACTION NO. 3:11-cv-717 HTW-LRA

**HALEY BARBOUR**, in his official capacity as Governor of the State of Mississippi, **JIM HOOD**, in his official capacity as Attorney General of the State of Mississippi, and **DELBERT HOSEMANN**, in his official capacity as Secretary of State of the State of Mississippi, as members of the State Board of Election Commissioners; **THE MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE**; **THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE**; and **ELIJAH WILLIAMS**, in his official capacity as Chairman of the Tunica County, Mississippi Board of Election Commissioners, on behalf of himself and all others similarly situated                                 **DEFENDANTS**

## COMPLAINT

### JURISDICTION

1. This is an action for declaratory and injunctive relief for violation of rights secured to plaintiffs by the United States Constitution and federal law. The federal question jurisdiction of this Court is invoked pursuant to Article 1, Section 2 and the 14th amendment to the United States Constitution, 28 U. S. C. §§ 1331, 1343, 2201, 2202, and 2284, and 42 U. S. C. § 1983.

### VENUE

2. The venue for this action is proper in the Jackson Division of the United States

District Court for the Southern District of Mississippi because some of the actions and inactions complained of occurred in this venue and because some of the defendants reside within this venue.

## PARTIES

3. Plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James Crowell, Clarence Magee, and Hollis Watkins, are all adult African-American citizens and voters in the State of Mississippi and residents of the following counties and congressional districts:

|   | Plaintiff's Name | County of Residence | Congressional District |
|---|---|---|---|
| a. | Kelvin Buck | Marshall | 1 |
| b. | Thomas Plunkett | Desoto | 1 |
| c. | Jeanette Self | Oktibbeha | 3 |
| d. | Christopher Taylor | Oktibbeha | 3 |
| e. | James Crowell | Harrison | 4 |
| f. | Clarence Magee | Forrest | 4 |
| g. | Hollis Watkins | Hinds | 2 |

4. Plaintiffs bring this action individually and, pursuant to *Fed. R. Civ. P. 23(a), (b)(2),* and *(c)*, on behalf of all others similarly situated as a class action with the class defined as "all African-American citizens and voters in the State of Mississippi."

5. With respect to the class, (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the class, (c) the claims of the representative parties are typical of the claims of the class, (d) the representative parties will fairly and adequately protect the interests of the class, and (e) the parties opposing the class have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final

2

injunctive and declaratory relief with respect to the class as a whole.

6. Defendant, Haley Barbour, is an adult resident citizen of the State of Mississippi who is the duly elected Governor of the State of Mississippi and as such is a member of the State Board of Election Commissioners for the State of Mississippi. This defendant is sued in this action in his official capacity only, and the process of this Court may be served on this defendant at the Governor's Office, Walter Sillers Building, 550 High Street, Suite 1900, Jackson, Mississippi 39201.

7. Defendant, Jim Hood, is an adult resident citizen of the State of Mississippi who is the duly elected Attorney General of the State of Mississippi and as such is a member of the State Board of Election Commissioners for the State of Mississippi. This defendant is sued in this action in his official capacity only, and the process of this Court may be served on this defendant at the Attorney General's Office, Walter Sillers Building, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

8. Defendant, Delbert Hosemann, is an adult resident citizen of the State of Mississippi who is the duly elected Secretary of State of the State of Mississippi and as such is a member of the State Board of Election Commissioners for the State of Mississippi. This defendant is sued in this action in his official capacity only, and the process of this Court may be served on this defendant at the Secretary of State's Office, 401 Mississippi Street, Jackson, Mississippi 39201-1004.

9. Defendants, Haley Barbour, Governor of Mississippi; Jim Hood, Attorney General of Mississippi; and Delbert Hosemann, Secretary of State of Mississippi, pursuant to § 23-15-211, Miss. Code Ann. (1972), comprise the State Board of Election Commissioners, and are responsible for certifying candidates and general election and special election ballots as well as election results for general and special elections.

10. Defendant, the Mississippi Republican Party Executive Committee, is a political party which was created and registered with the Secretary of State for the State of Mississippi pursuant to §§ 23-15-1051, et. seq., Miss. Code Ann. (1972), and which is charged by statutes, §§ 23-15-171, et. seq., Miss. Code Ann. (1972); §§ 23-15-291, et. seq., Miss. Code Ann. (1972); §§ 23-15-331, et. seq., Miss. Code Ann. (1972); §§ 23-15-597, et. seq., Miss. Code Ann. (1972); §§ 23-15-911, et. seq., Miss. Code Ann. (1972); §§ 23-15-921, et. seq., Miss. Code Ann. (1972); and §§ 23-15-961, et. seq., Miss. Code Ann. (1972), with conducting primary nominations and elections for the Mississippi Republican Party in the State of Mississippi. This defendant may be served with the process of this Court by serving the Chairman of the Mississippi Republican Party Executive Committee, Arnie Hederman, whose address is the Mississippi Republican Party Executive Committee, 415 Yazoo Street, Jackson, Mississippi 39201.

11. Defendant, the Mississippi Democratic Party Executive Committee, is a political party which was created and registered with the Secretary of State for the State of Mississippi pursuant to §§ 23-15-1051, et. seq., Miss. Code Ann. (1972), and which is charged by statutes, §§ 23-15-171, et. seq., Miss. Code Ann. (1972); §§ 23-15-291, et. seq., Miss. Code Ann. (1972); §§ 23-15-331, et. seq., Miss. Code Ann. (1972); §§ 23-15-597, et. seq., Miss. Code Ann. (1972); §§ 23-15-911, et. seq., Miss. Code Ann. (1972); §§ 23-15-921, et. seq., Miss. Code Ann. (1972); and §§ 23-15-961, et. seq., Miss. Code Ann. (1972), with conducting primary nominations and elections for the Mississippi Democratic Party in the State of Mississippi. This defendant may be served with the process of this Court by serving the Chairman and Executive Director of the Mississippi Democratic Party Executive Committee, Ricky Cole, whose address is the Mississippi Democratic Party Executive Committee, 832 North Congress Street, Jackson, Mississippi 39202.

12. Defendant, Elijah Williams, is an adult resident citizen and duly elected Election Commissioner and the Chairman of the Board of Election Commissioners for Tunica County, Mississippi, who is charged by statutes, § 23-15-351, and § 23-15-603, Miss. Code Ann. (1972), with printing all necessary ballots for use in congressional elections for the State of Mississippi, as well as certifying and transmitting election results to the Secretary of State. This defendant is sued in his official capacity only as Chairman of the Board of Election Commissioners for Tunica County, Mississippi. This defendant may be served with the process of this Court at Post Office Box 1156, Tunica, Mississippi 38676.

13. Plaintiffs bring this action against defendant, Elijah Williams, in his official capacity as Chairman of the Board of Election Commissioners for Tunica County, Mississippi, as a class action, pursuant to *Fed. R. Civ. P. 23(a), (b)(3), and (c)*, with the defendant class defined as "all chairmen of county boards of election commissioners in the State of Mississippi."

14. With respect to the class, (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the class, (c) the claims of the representative parties are typical of the claims of the class, (d) the representative parties will fairly and adequately protect the interests of the class, and (e) the questions of law and fact common to the class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FACTS

15. The population for the State of Mississippi, according to the 2010 federal decennial census, is 2,967,297 persons of whom 1,754,684 (or 59.14%) are white and 1,098,385 (or 37%) are black. A copy of the U. S. Census Bureau's 2010 Quick Facts and the Joint Legislative

Reapportionment Committee's Population Data for Counties for the State of Mississippi are attached hereto as Composite Exhibit "A" and incorporated herein.

16. The voting age population for the State of Mississippi according to the 2010 federal decennial census is 2,211,742 persons of whom 1,370,641 (or 61.97%) are white and 767,499 (or 34.70%) are black.

17. Members of Congress are elected to two year terms of office from single-member congressional districts.

18. The State of Mississippi has four congressional districts.

19. The term of office for current Members of Congress expires December 31, 2012.

20. The next two year term of office for Members of Congress begins on January 1, 2013.

21. The deadline for persons to qualify as candidates for Congress in the State of Mississippi is Friday, January 13, 2012.

22. Political party primary nomination elections for the next term of office for Members of Congress for the State of Mississippi are scheduled for Tuesday, March 13, 2012.

23. A majority vote is required for political party nomination elections in Mississippi.

24. Political party second primary nomination or run-off elections for the next term of office for Members of Congress are scheduled for Tuesday, April 3, 2012 if no candidate receives a majority vote during the primary nomination election.

25. A general election and regular special elections are scheduled for Tuesday, November 6, 2012.

26. The ideal population for each Mississippi Congressional District is 741,824 persons according to the 2010 federal decennial census.

27. This Court entered an Order on February 4, 2002 implementing the current congressional apportionment scheme and a Final Judgment on February 26, 2002 ordering that the court ordered plan be used in all congressional elections after 2002. A copy of the Court Order is attached hereto as Exhibit "B" and incorporated herein, and a copy of the Final Judgment is attached hereto as Exhibit "C" and incorporated herein.

28. Congressional elections have been conducted using the court ordered plan since 2002.

29. The official population, change in population, deviation, and deviation percentages of the congressional districts for the current congressional plan according to the 2010 federal decennial census are as follows:

| District | Representative | 2000 Population | 2010 Population | Numeric Change | % Change 00 to 10 | Ideal District | % Deviation |
|---|---|---|---|---|---|---|---|
| 1 | Alan Nunelee | 711,160 | 788,095 | 25,239 | 10.82% | 741,824 | 6.24% |
| 2 | Bennie Thompson | 711,164 | 668,112 | 4,133 | -6.05% | 741,824 | -9.94% |
| 3 | Greg Harper | 711,164 | 756,924 | 4,611 | 6.43% | 741,824 | 2.04% |
| 4 | Steven Palazzo | 711,170 | 754,015 | 2,724 | 6.02% | 741,824 | 1.64% |

30. The total range of population deviation percentage for the current congressional districts according to the 2010 federal decennial census is 16.18%. A map of the current congressional districts with the current population, deviation from ideal, and deviation percentage is attached hereto as Exhibit "D" and incorporated herein.

31. Plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James Crowell, and Clarence Magee, are voters in congressional districts that are overpopulated and under represented, and these plaintiffs are aggrieved by that under representation.

32. Plaintiff, Hollis Watkins, is a voter in a black majority congressional district, and he would be aggrieved by any substantial reduction in the black voting age percentage in that congressional district.

33. All of the plaintiffs have voted in past elections for Members of Congress and intend to vote in the 2012 elections for Members of Congress.

34. The current congressional districting scheme violates the one-person one vote principle of Article 1, Section 2 and the 14th amendment to the United States Constitution.

35. The current congressional districting scheme is unconstitutionally malapportioned.

36. The State of Mississippi is a jurisdiction covered by the preclearance requirement of § 5 of the Voting Rights Act of 1965, as amended and extended, 42 U. S. C. § 1973c, that has a long and official history of racial discrimination against African-American citizens and voters which affected their right to register, vote, and participate in the political process.

37. There is racially polarized voting in each congressional district in elections for public office.

38. African-American voters are politically cohesive in Mississippi.

39. The African-American population in the State of Mississippi is geographically large and insular.

40. White bloc voting in elections in the State of Mississippi is statistically significant.

41. African-American citizens and voters in the State of Mississippi suffer from the lingering effects of gross disparities in socioeconomic factors that adversely affect their ability to effectively participate in the political process and elect candidates of their choice to elective office.

42. There have been overt and subtle racial appeals in elections in Mississippi.

8

43. The Mississippi Legislature has been afforded a reasonable opportunity to redistrict congressional districts but has failed to do so.

44. African-American voters in the State of Mississippi have been denied equal opportunity to participate in the political process and to elect representatives of their choice under the totality of the circumstances.

45. The defendants, election officials for the State of Mississippi, will conduct the 2012 congressional elections using the 2002 malapportioned plan unless enjoined by this Court.

46. Any redistricting plan for congressional districts must comply with the one-person one-vote principle of Article 1, Section 2 and the 14th amendment to the United States Constitution, the preclearance requirement of § 5 of the Voting Rights Act of 1965, as amended and extended, 42 U. S. C. § 1973c, and the non-dilution principle of the 14th and 15th amendments to the United States Constitution and § 2 of the Voting Rights Act of 1965, as amended and extended, 42 U. S. C. § 1973.

47. Plaintiffs have drafted a redistricting plan for congressional districts that complies with the one-person one-vote principle of Article 1, Section 2 and the 14th amendment to the United States Constitution, the preclearance requirement of § 5 of the Voting Rights Act of 1965, as amended and extended, 42 U. S. C. § 1973c, and the non-dilution principle of the 14th and 15th amendments to the United States Constitution and § 2 of the Voting Rights Act of 1965, as amended and extended, 42 U. S. C. § 1973. A true and correct copy of the plan and statistical data for the plan is attached hereto as Exhibit "E" and incorporated herein.

48. The congressional redistricting plan drafted by plaintiffs is a least change plan from the court ordered plan adopted by this Court on February 4, 2002.

9

49. The congressional redistricting plan drafted by plaintiffs is compact; avoids the unnecessary splitting of counties, municipalities, and precincts; preserves historical and regional interests; assures the four major research universities are in separate congressional districts; maintain military installations in separate congressional districts; protects incumbents; does not unduly extend the distance of travel within districts; and does not dilute black voting strength.

50. The congressional redistricting plan drafted by plaintiffs has a total range of population deviation of 563 persons and a maximum deviation percentage of 0.08.

51. All of the actions and inactions of the defendants, as mentioned above, have been intentional, deliberate, and invidious or have diluted the votes of each plaintiff.

52. As a proximate results of the actions and inactions of the defendants, as mentioned above, the plaintiffs have suffered a violation of their constitutional and federal statutory rights.

## CAUSES OF ACTION

### COUNT I - ARTICLE 1, SECTION 2 (ONE PERSON ONE VOTE)

53. The existing redistricting plan for congressional districts in the State of Mississippi are unconstitutionally malapportioned and violate rights secured to plaintiffs by Article 1, Section 2 of the United States Constitution and 42 U. S. C. § 1983.

### COUNT II - 14th AMENDMENT EQUAL PROTECTION (ONE PERSON ONE VOTE)

54. The existing redistricting plan for congressional districts in the State of Mississippi are unconstitutionally malapportioned and violate rights secured to plaintiffs by the Equal Protection Clause of the 14th Amendment to the United States Constitution and 42 U. S. C. § 1983.

### CAUSATION AND INJURY

55. As a proximate results of the actions and inactions of the defendants, as mentioned

above, plaintiffs will be injured and suffer a violation of their federal constitutional and statutory rights in the 2012 congressional elections.

## EQUITABLE RELIEF

### DECLARATORY JUDGMENT

56. Plaintiffs request a declaratory judgment, pursuant to 28 U. S. C. §§ 2201 and 2202, that the current congressional districting scheme for the State of Mississippi violate rights secured to plaintiffs by Article 1 Section 2 and the 14th amendment to the United States Constitution, and 42 U. S. C. § 1983. Plaintiffs specifically request a declaratory judgment that the existing redistricting plan for congressional districts for the State of Mississippi are unconstitutionally malapportioned and violate the one-person one-vote principle.

### INJUNCTIVE RELIEF

57. Plaintiffs request that a single district judge issue a temporary restraining order until a three-judge panel can be convened, and plaintiffs request the convening of a three-judge district court pursuant to the provisions of 28 U. S. C. § 2284 , and that upon convening the three-judge district court enter a preliminary injunction and permanent injunction enjoining congressional elections under the existing congressional districting scheme and implement the attached plan as a court-ordered plan in sufficient time to comply with the election schedule and deadlines for the 2012 congressional elections, and grant any other appropriate relief the court deems necessary.

### OTHER EQUITABLE RELIEF

58. Plaintiffs request an award of court costs and attorney fees and litigation expenses pursuant to 42 U. S. C. § 1988.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs respectfully requests the following

legal and equitable relief:

  a. A declaratory judgment, pursuant to 28 U. S. C. §§ 2201 and 2202, that the existing congressional districting scheme violates rights secured to plaintiffs by Article 1, Section 2 and the 14th amendment to the United States Constitution and 42 U. S. C. § 1983.

  b. A temporary restraining order, preliminary injunction, and/or a permanent injunction enjoining the defendants from conducting elections under the existing congressional districting scheme for the State of Mississippi, and enjoining the defendants from enacting and implementing any unprecleared voting changes regarding congressional elections, and enjoin the defendants from violating rights secured to plaintiffs by Article 1, Section and the 14th and 15th amendments to the United States Constitution, 42 U. S. C. § 1983, and §§ 2 and 5 of the Voting Rights Act of 1965, as amended and extended, 42 U. S. C. §§ 1973 and 1973c.

  c. Award plaintiffs court costs and a reasonable attorney's fee pursuant to 42 U. S. C. §§ 1973l(e), and 1988; and

  d. Grant plaintiffs general relief.

This the 21st day of November, 2011.

        Respectfully submitted,
        KELVIN BUCK, THOMASM PLUNKETT,
        JEANETTE SELF, CHRISTOPHER TAYLOR,
        JAMES CROWELL, CLARENCE MAGEE, and
        HOLLIS WATKINS, on behalf of themselves
        and all others similarly situated,
        PLAINTIFFS

        _____
        CARROLL RHODES, ESQ., MSB # 5314
        LAW OFFICES OF CARROLL RHODES
        POST OFFICE BOX 588
        HAZLEHURST, MS 39083-0588

TEL.: (601) 894-4323
FAX: (601) 894-1464
E-MAIL: crhode@bellsouth.net

DEBORAH MCDONALD, MSB # 2384
P.O. BOX 2038
NATCHEZ, MS 39120
TEL.: (601) 445-5577
E-MAIL: attorneydmc@bellsouth.net

JOHN L. WALKER, JR., ESQ. MSB # 6883
PHILLIP J. BROOKINS, ESQ., MSB # 4589
WALKER GROUP, PC
POST OFFICE BOX 22849
JACKSON, MS 39225-2849
TEL.: (601) 948-4589
FAX: (601) 354-2507
E-MAIL: jwalker@walkergrouppc.com
E-MAIL: jbrookins@walkergrouppc.com

ELLIS TURNAGE, ESQ. MSB # 8131
TURNAGE LAW OFFICE
POST OFFICE BOX 216
CLEVELAND, MS 38732-0216
TEL.: (662) 843-2811
FAX: (662) 843-6133
E-MAIL: eturnage@techinfo.com

WILLIE GRIFFIN, ESQ., MSB # 5022
BAILEY & GRIFFIN
POST OFFICE BOX 189
GREENVILLE, MS 38702-0189
TEL.: (662) 335-1966
FAX: (662) 335-1969
E-MAIL: wgriffinlawyer@aol.com

PRECIOUS MARTIN, ESQ., MSB # 10619
PRECIOUS MARTIN, SR. & ASSOC. PLLC
POST OFFICE BOX 373
JACKSON, MS 39205-0373
TEL.: (601) 944-1447
FAX: (601) 944-1448
E-MAIL: pmartin@ptmandassoc.com

LETITIA JOHNSON, ESQ., MSB # 102724<br>
POST OFFICE BOX 588<br>
HAZLEHURST, MS 39083-0588<br>
TEL.: (601) 540-8495<br>
FAX: (601) 366-3982<br>
E-MAIL: letitiajohnson2001@gmail.com