IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KELVIN BUCK, THOMAS PLUNKETT,                                     PLAINTIFFS
JEANETTE SELF, CHRISTOPHER TAYLOR,
JAMES CROWELL, CLARENCE MAGEE, and
HOLLIS WATKINS, on behalf of themselves
and all others similarly situated

VS.                                              CIVIL ACTION NO. 3:11-cv-717-HTW-LRA

HALEY BARBOUR, in his official capacity as
Governor of the State of Mississippi, JIM HOOD,
in his official capacity as Attorney General of the
State of Mississippi, and DELBERT HOSEMANN,
in his official capacity as Secretary of State of the
State of Mississippi, as members of the State Board
of Election Commissioners; THE MISSISSIPPI
REPUBLICAN PARTY EXECUTIVE COMMITTEE;
THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE
COMMITTEE; and ELIJAH WILLIAMS, in his official
capacity as Chairman of the Tunica County, Mississippi
Board of Election Commissioners, on behalf of himself
and all others similarly situated                                     DEFENDANTS

## AMENDED COMPLAINT

### JURISDICTION

1.      This is an action for declaratory and injunctive relief for violation of rights secured

to plaintiffs by the United States Constitution and federal law.  The federal question jurisdiction of

this Court is invoked pursuant to Article 1, Section 2 and the 14th amended to the United States

Constitution, 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 2284, and 42 U.S.C. § 1983.

### VENUE

2.      The venue for this action is proper in the Jackson Division of the United States

District Court for the Southern District of Mississippi because some of the actions and inactions complained of occurred in this venue and because some of the defendants reside within this venue.

## **PARTIES**

3.      Plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James Crowell, Clarence Magee, and Hollis Watkins are all adult African-American citizens and voters in the State of Mississippi and residents of the following counties and congressional districts:

| Plaintiff's Name | County of Residence | Congressional District |
|---|---|---|
| a. | Kelvin Buck | Marshall | 1 |
| b. | Thomas Plunkett | DeSoto | 1 |
| c. | Jeanette Self | Oktibbeha | 3 |
| d. | Christopher Taylor | Oktibbeha | 3 |
| e. | James Crowell | Harrison | 4 |
| f. | Clarence Magee | Forrest | 4 |
| g. | Hollins Watkins | Hinds | 2 |

4.      Plaintiffs bring this action individually and, pursuant to *Fed. R. Civ. P. 23(a), (b)(2),* and *(c),* on behalf of all others similarly situated as a class action with the class defined as "all African-American citizens and votes in the State of Mississippi."

5.      With respect to the class, (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the class, (c) the claims of the representative parties are typical of the claims of the class, (d) the representative parties will fairly and adequately protect the interests of the class, and (e) the parties opposing the class have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final

injunctive and declaratory relief with respect to the class as a whole.

6.    Defendant, Haley Barbour, is an adult resident citizen of the State of Mississippi who is the duly elected Governor of the State of Mississippi and as such is a member of the State Board of Election Commissioners for the State of Mississippi.  This defendant is sued in this action in his official capacity only, and the process of this Court may be served on this defendant at the Governor's Office, Walter Sillers Building, 550 High Street, Suite 1900, Jackson, Mississippi 39201.

7.    Defendant, Jim Hood, is an adult resident citizen of the State of Mississippi who is the duly elected Attorney General of the State of Mississippi and as such is a member of the State Board of Election Commissioners for the State of Mississippi.   This defendant is sued in this action in his official capacity only, and the process of this Court may be served on this defendant at the Attorney General's Office, Walter Sillers Building, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

8.    Defendant, Delbert Hosemann, is an adult resident citizen of the State of Mississippi who is the duly elected Secretary of State  of the State of Mississippi and as such is a member of the State Board of Election Commissioners for the State of Mississippi.  This defendant is sued in this action in his official capacity only, and the process of this Court may be served on this defendant at the Secretary of State's Office, 401 Mississippi Street, Jackson, Mississippi 39201-1004.

9.    Defendants, Haley Barbour, Governor of Mississippi; Jim Hood, Attorney General of Mississippi; and Delbert Hosemann, Secretary of State of Mississippi, pursuant to §23-15-211, Miss. Code Ann. (1972), comprise the State Board of Election Commissioners, and are responsible for certifying candidates and general election and special election ballots as well as election results for general and special elections.

3

10.     Defendant, the Mississippi Republican Party Executive Committee, is a political party which was created and registered with the Secretary of State for the State of Mississippi pursuant to §§ 23-15-1051, *et. seq.*, Miss. Code Ann. (1972), and which is charged by statues §§23-15-171, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-291, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-331, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-597, *et. seq.*, Miss. Code Ann. (1972, §§ 23-15-911, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-921, *et. seq.*, Miss. Code Ann. (1972), and §§ 23-15-961, *et. seq.*, Miss. Code Ann. (1972), with conducting primary nominations and elections for the Mississippi Republican Party in the State of Mississippi.  This Defendant may be served with the process of this Court by serving the Chairman of the Mississippi Republican Party Executive Committee, Arnie Hederman, whose address is the Mississippi Republican Party Executive Committee, 415 Yazoo Street, Jackson, Mississippi 39201.

11.     Defendant, the Mississippi Democratic Party Executive Committee, is a political party which was created and registered with the Secretary of State for the State of Mississippi pursuant to §§ 23-15-1051, *et. seq.*, Miss. Code Ann. (1972), and which is charged by statues §§23-15-171, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-291, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-331, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-597, *et. seq.*, Miss. Code Ann. (1972, §§ 23-15-911, *et. seq.*, Miss. Code Ann. (1972), §§ 23-15-921, *et. seq.*, Miss. Code Ann. (1972), and §§ 23-15-961, *et. seq.*, Miss. Code Ann. (1972), with conducting primary nominations and elections for the Mississippi Democratic Party in the State of Mississippi.  This Defendant may be served with the process of this Court by serving the Chairman and Executive Director of the Mississippi Democratic Party Executive Committee, Ricky Cole, whose address is the Mississippi Democratic Party Executive Committee, 832 North Congress Street, Jackson, Mississippi 39202.

4

12.     Defendant, Elijah Williams, is an adult resident citizen and duly elected Election Commissioner and the Chairman of the Board of Election Commissioners for Tunica County, Mississippi, who is charged by statues, § 23-15-351 and § 23-15-603, Miss. Code Ann. (1972), with printing all necessary ballots for use in congressional elections for the State of Mississippi, as well as certifyi9ng and transmitting election results to the Secretary of State.  This defendant is sued in his official capacity only as Chairman of the Board of Election Commissioners for Tunica County, Mississippi.  This defendant may be served with the process of this Court at Post Office Box 1156, Tunica, Mississippi 38676.

13.     Plaintiffs bring this action against defendant, Elijah Williams, in his official capacity as Chairman of the Board of Election Commissioners for Tunica County, Mississippi, as a class action, pursuant to *Fed. R. Civ. P. 23(a), (b)(3), and ©)*, with the defendant class defined as "all chairmen of county boards of election commissioners in the State of Mississippi."

14.     With respect to the class, (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the class, (c) the claims of the representative parties are typical of the claims of the class, (d) the representative parties will fairly and adequately protect the interests of the class, and (e) the questions of law and fact common to the class members predominate over any questions affecting only individual members and that aq class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FACTS

15.     The population for the State of Mississippi, according to the 2010 federal decennial census, is 2,967,297 persons of whom 1,754,684 (or 59.14%) are white and 1,098,385 (or 37%) are black.  Copies of the U. S. Census Bureau's 2010 Quick Facts and the Joint Legislative

5

Reapportionment Committee's Population Data for Counties for the State of Mississippi are attached hereto as Composite Exhibit "A" and incorporated herein.

16.     The voting age population for the State of Mississippi according to the 2010 federal decennial census is 2, 211, 742 persons of whom 1,370,641 (or 61.97%) are white and 767,499 (or 34.70%) are black.

17.     Members of Congress are elected to two-year terms of office from single-member congressional districts.

18.     The State of Mississippi has four congressional districts.

19.     The term of office for current Members of Congress expires December 31, 2012.

20.     The next two-year term of office for Members of Congress begins on January 1, 2013.

21.     The deadline for persons to qualify as candidates for Congress in the State of Mississippi is Friday, January 13, 2012.

22.     Political party nomination elections for the next term of office for members of Congress for the State of Mississippi are scheduled for Tuesday, March 13, 2012.

23.     A majority vote is required for political party nomination elections in Mississippi.

24.     Political party second primary nomination or run-off elections for the next term of office for Members of Congress are scheduled for Tuesday, April 3, 3012, if no candidate receives a majority vote during the primary nomination election.

25.     A general election and regular special elections are scheduled for Tuesday, November 6, 2012.

26.     The ideal population for each Mississippi Congressional District i9s 741,824 persons according to the 2010 federal decennial census.

6

27.     This Court entered an Order on February 4, 2002, implementing the current congressional apportionment scheme and a Final Judgment on February 26, 2002, ordering that the court-ordered plan be used in all congressional elections after 2002.  A copy of the Court Order is attached hereto as Exhibit "B" and incorporation herein, and a copy of the Final Judgment is attached hereto as Exhibit "C" and incorporated herein.

28.     Congressional elections have been conducted using the court-ordered plan since 2002.

29.     The official population, change in population, deviation, and deviation percentages of the congressional districts for the current congressional plan according to the 2010 federal decennial census are as follows:

| District | Representative | 2000 Population | 2010 Population | Numeric Change 00 to 10 | % Change 00 to 10 | Ideal District | % Deviation |
|---|---|---|---|---|---|---|---|
| 1 | Alan Nunelee | 711,160 | 788,095 | +76,935 | 10.82% | 741,824 | 6.24% |
| 2 | Bennie Thompson | 711,164 | 668,112 | -43,052 | 6.05% | 741,824 | -9.94% |
| 3 | Greg Harper | 711,164 | 756,924 | +45,760 | 6.43% | 741,824 | 2.04% |
| 4 | Steven Palazzo | 711,170 | 754,015 | +4 2,845 | 6.02% | 741,824 | 1.64% |

30.     The total range of population deviation for the current congressional districts according to the 2010 federal decennial census is 119,987, and the total range of population deviation percentage for the current congressional districts according to the 2010 federal decennial census is 16.87%.  A map of the current congressional districts with the current population, deviation from ideal, and deviation percentage is attached hereto as Exhibit "D" and incorporated herein.

31.     Plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James Crowell, and Clarence Magee, are voters in congressional districts that are overpopulated and under

represented, and these plaintiffs are aggrieved by that under representation.

32.     Plaintiff, Hollis Watkins, is a voter in a black majority congressional district, and he would be aggrieved by any substantial reduction in the black voting age percentage in that congressional district.

33.     All of the plaintiffs have voted in past elections for Members of Congress and intend to vote in the 2012 election for Members of Congress.

34.     The current congressional districting scheme violates the one-person one-vote principle of Article 1, Section 2 and the 14th amendment to the United States Constitution.

35.     The current congressional districting scheme is unconstitutionally malapportioned.

36.     The State of Mississippi is a jurisdiction covered by the preclearance requirement of §5 of the Voting Rights Act of 1965, as amended and extended, 42 U.S.C. § 1973c, that has a long and official history of racial discrimination against African-American citizens and voters which affected their right to register, vote, and participate in the political process.

37.     There is racially polarized voting in each congressional district in elections for public office.

38.     African-American voters are politically cohesive in Mississippi.

39.     The African-American population in the State of Mississippi is geographically large and insular.

40.     White bloc voting in elections in the State of Mississippi is statistically significant.

41.     African-American citizens and voters in the State of Mississippi suffer from the lingering effects of gross disparities in socioeconomic facts that adversely affect their ability to effectively participate in the political process and elect candidates of their choice to elective office.

42.     There have been overt and subtle racial appeal in elections in Mississippi.

43.     The Mississippi Legislature has been afforded a reasonable opportunity to redistrict congressional districts but has failed to do so.

44.     African-American voters in the State of Mississippi have been denied equal opportunity to participate in the political process and to elect representatives of their choice under the totality of the circumstances.

45.     The defendants, election officials for the State of Mississippi, will conduct the 2012 congressional elections using the 2002 malapportioned plan unless enjoined by this Court.

46.     Any redistricting plan for congressional districts must comply with the one-person one-vote principle of Article 1, Section 2 and the 14th amendment to the United States Constitution, the preclearance requirement of § 5 of the Voting Rights Act of 1965, as amended and extended, 42 U.S.C. § 1973c, and the non-dilution principle of the 14th and 15th amendments to the United States Constitution and § 2 of the Voting Rights Act of 1965, as amended and extended, 42 U.S.C. § 1973.

47.     Plaintiffs have drafted a redistricting plan for congressional districts that complies with the one-person one-vote principle of Article 1, Section 2 and the 14th amendment to the United States Constitution, the preclearance requirement of § 5 of the Voting Rights Act of 1965, as amended and extended, 42 U.S.C. § 1973c, and the non-dilution principle of the 14th and 15th amendments to the United States Constitution and § 2 of the Voting Rights Act of 1965, as amended and extended, 42 U.S.C. § 1973.  A true and correct copy of the plan is attached hereto as Exhibit "E" and incorporated herein, and a true and correct  statistical data and report for the plan is attached hereto as Exhibit "F" and incorporated herein.

48.     The congressional redistricting plan drafted by plaintiffs is a least-change plan from the court-ordered plan adopted by this Court on February 4, 3002.

49.     The congressional redistricting plan drafted by plaintiffs is compact; avoids the unnecessary splitting of counties, municipalities, and precincts; preserves historical and regional interests; assures the four major research universities are in separate congressional districts; maintains military installations in separate congressional districts; protects incumbents; does not unduly extend the distance of travel within districts; and does not dilute black voting strength.

50.     The congressional redistricting plan drafted by plaintiffs has a total range of population deviation of 3 persons and a maximum deviation percentage of 0.00%.

51.     All of the actions and inactions of the defendants, as mentioned above, have been intentional deliberate, and invidious or have diluted the votes of each plaintiff.

52.     As a proximate result of the actions and inactions of the defendants, as mentioned above, the plaintiffs have suffered a violation of their constitutional and federal statutory rights.

## CAUSES OF ACTION

## COUNT 1 - ARTICLE 1, SECTION 2 (ONE PERSON ONE VOTE)

53.     The existing redistricting plan for congressional districts in the State of Mississippi is unconstitutionally malapportioned and violates rights secured to plaintiffs by Article 1, Section 2 of the United States Constitution and 42 U.S.C. § 1983.

## COUNT II - 14TH AMENDMENT EQUAL PROTECTION (ONE PERSON ONE VOTE)

54.     The existing redistricting plan for congressional districts in the State of Mississippi is unconstitutionally malapportioned and violates rights secured to plaintiffs by the Equal Protection Clause of the 14th Amendment to the United States Constitution and  42 U.S.C. § 1983.

## CAUSATION AND INJURY

55.    As a proximate result of the actions and inactions of the defendants, as mentioned above, plaintiffs will be injured and suffer a violation of their federal constitutional and statutory rights in the 2012 congressional elections.

## EQUITABLE RELIEF

## DECLARATORY JUDGMENT

56.    Plaintiffs request a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that the current congressional districting scheme for the State of Mississippi violates rights secured to plaintiffs by Article 1, Section 2 and the 14th amendment to the United States Constitution, and 42 U.S.C. § 1983.  Plaintiffs specifically request a declaratory judgment that the existing redistricting plan for congressional districts for the State of Mississippi is unconstitutionally malapportioned and violates the one-person one-vote principle.

## INJUNCTIVE RELIEF

57.    Plaintiffs request that a single district judge issue a temporary restraining order until a three-judge panel can be convened, and plaintiffs request the convening of a three-judge district court pursuant to the provisions of 28 U.S.C. § 2284, and that upon convening the three-judge district court enter a preliminary injunction and permanent injunction enjoining congressional elections under the existing congressional districting scheme and implement the attached plan as a court-ordered plan in sufficient time to comply with the election schedule and deadlines for the 2012 congressional elections, and grant any other appropriate relief the court deems necessary.

## OTHER EQUITABLE RELIEF

58.    Plaintiffs request an award of court costs and attorney fees and litigation expenses

pursuant to 42 U.S.C. § 1988.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs respectfully request the following legal and equitable relief:

a.      A declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that the existing congressional districting scheme violates rights secured to plaintiffs by Article 1, Section 2 and the 14th amendment to the United States Constitution and 42 U.S.C. § 1983.

b.      A temporary restraining order, preliminary injunction, and/or a permanent injunction enjoining the defendants from conducting elections under the existing congressional districting scheme for the State of Mississippi, and enjoining the defendants from enacting and implementing any unprecleared voting changes regarding congressional elections, and enjoining the defendants from violating rights secured to plaintiffs by Article 1, Section 2 and the 14th and 15th amendments to the United States Constitution, 42 U.S.C. § 1983, and §§ 2 and 5 of the Voting Rights Act of 1965, as mended and extended, 42 U.S.C. §§ 1973 and 1973c.

c.      Award plaintiffs court costs and a reasonable attorney's fee pursuant to 42 U.S.C. §§ 1973l(e), and 1988; and

d.      Grant plaintiffs general relief.

THIS, the 7th day of December, 2011.

Respectfully submitted,
KELVIN BUCK, THOMAS M. PLUNKETT,
JEANETTE SELF, CHRISTOPHER TAYLOR,
JAMES CROWELL, CLARENCE MAGEE, and
HOLLIS WATKINS, on behalf of themselves and
all others similarly situated, PLAINTIFFS

BY:      */s/ Carroll Rhodes*
         CARROLL RHODES, ESQ. - MSB #5314

12

LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MS 39083-0588
TELEPHONE: (601) 894-4323
FAX:   (601) 894-1464
E-MAIL:   crhode@bellsouth.net

DEBORAH McDONALD, ESQ. - MSB # 2384
POST OFFICE BOX 2038
NATCHEZ, MS 39120
TELEPHONE: (601) 445-5577
E-MAIL: attorneydmc@bellsouth.net

JOHN L. WALKER, JR., ESQ. - MSB # 6883
PHILLIP J. BROOKINS, ESQ. - MSB # 4589
WALKER GROUP, PC
POST OFFICE BOX 22849
JACKSON, MS 39225-2849
TELEPHONE: (601) 948-4589
FAX: (601) 354-2507
E-MAIL:  jwalker@walkergrouppc.com
E-MAIL: jbrookins@walkergrouppc.com

ELLIS TURNAGE, ESQ. - MSB # 8131
TURNAGE LAW OFFICE
POST OFFICE BOX 216
CLEVELAND, MS 38732-0216
TELEPHONE: 9662) 843-2811
FAX: (662) 843-6133
E-MAIL: eturnage@techinfo.com

WILLIE GRIFFIN, ESQ. - MSB # 5022
BAILEY & GRIFFIN
POST OFFICE BOX 189
GREENVILLE, MS 38702-0189
TELEPHONE: (662) 335-1966
FAX: (662) 335-1959
E-MAIL:   wgriffinlawyer@aol.com

PRECIOUS MARTIN, ESQ. - MSB #10619
PRECIOUS MARTIN, SR. & ASSOC., PLLC
POST OFFICE BOX 373
JACKSON., MS 39205-0373

13

TELEPHONE: (601) 944-1447
FAX: (601) 944-1448
E-MAIL: pmartin@ptmandassoc.com

LETITIA JOHNSON, ESQ. - MSB # 102724
POST OFFICE BOX 588
HAZLEHURST, MS 39083
TELEPHONE: (601) 540-8495
FAX:   (601) 366-3982
E-MAIL: letitiajohnson2001@gmail.com

## CERTIFICATE OF SERVICE

I, Carroll Rhodes, one of the attorneys for the plaintiffs, do hereby certify that I have this date electronically filed the foregoing Amended Complaint with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Samuel L. Begley, Esq.
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
sbegley1@bellsouth.net

This the 7th day of December, 2011.

/s/ Carroll Rhodes
CARROLL RHODES

14