IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KELVIN BUCK, ET AL.**                                        **PLAINTIFFS**

**VS.**                                               **CIVIL ACTION NO. 3:11CV717-HTW-EGJ-DCB**

**HALEY BARBOUR, in his official capacity as**
**Governor of the State of Mississippi, ET AL.**                     **DEFENDANTS**

---

**ANSWER OF DEFENDANT JIM HOOD, IN HIS OFFICIAL CAPACITY**
**AS ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI AND**
**AS MEMBER OF THE STATE BOARD OF ELECTION COMMISSIONERS**

---

Defendant Jim Hood, in his official capacity as Attorney General of the State of Mississippi and as Member of the State Board of Election Commissioners ("Attorney General"), files this his Answer to the Plaintiffs' Amended Complaint ("complaint") [Docket No. 6] and states:

### ANSWER

The Attorney General responds to the allegations of plaintiffs' complaint, paragraph-by-paragraph, as follows:

### JURISDICTION

1. Denied as stated. The Attorney General admits the Court has jurisdiction over this action. The remaining allegations contained in paragraph 1 of the complaint state legal conclusions, and/or refer to the Constitution, laws and statutes that speak for themselves, and do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

### VENUE

2. Admitted.

## PARTIES

3. Admitted, upon information and belief.

4. The allegations contained in paragraph 4 of the complaint state legal conclusions, and refer to the Federal Rules of Civil Procedure which speak for themselves, and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

5. The allegations contained in paragraph 5 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. The allegations contained in paragraph 13 of the complaint state legal conclusions, and refer to Federal Rules of Civil Procedure which speak for themselves, and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

14. The allegations contained in paragraph 14 of the complaint state legal conclusions, and therefore do not require a response by the Attorney General. If the Attorney General is mistaken

in this regard, the allegations are denied.

## FACTS

15. Denied as stated. The Attorney General admits that the 2010 U.S. Census data and document affixed to the complaint as Exhibit "A" speaks for itself.

16. Denied as stated. The Attorney General admits that the 2010 U.S. Census data speaks for itself.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied as stated. The Attorney General admits that the 2010 U.S. Census data speaks for itself.

27. Denied as stated. The Attorney General admits that the court orders affixed to the complaint as Exhibits "B" and "C" speak for themselves.

28. Admitted.

29. Denied as stated. The Attorney General admits that the 2010 U.S. Census data and the statistics derived from comparison of the court ordered plan to that data speak for themselves.

30. Denied as stated. The Attorney General admits that the 2010 U.S. Census data, the statistics derived from comparison of the court ordered plan to that data, and the document affixed to the complaint as Exhibit "D" speak for themselves.

31. The Attorney General lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in paragraph 31 of the complaint.

32. The Attorney General lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in paragraph 32 of the complaint.

33. The Attorney General lacks knowledge and information sufficient to form a belief regarding the truth of the allegations in paragraph 33 of the complaint.

34. The allegations contained in paragraph 34 of the complaint state a legal conclusion and do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

35. Denied as stated. The Attorney General admits that the 2010 U.S. Census data and the statistics derived from comparison of the court ordered plan to that data speak for themselves.

36. Denied as stated. The Attorney General admits that the State of Mississippi is a jurisdiction covered by the preclearance requirement of Section 5 of the Voting Rights Act and that statute speaks for itself.

37. The allegations contained in paragraph 37 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

38. The allegations contained in paragraph 38 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken

in this regard, the allegations are denied.

39. The allegations contained in paragraph 39 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

40. The allegations contained in paragraph 40 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

41. The allegations contained in paragraph 41 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

42. The allegations contained in paragraph 42 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

43. The allegations contained in paragraph 43 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

44. The allegations contained in paragraph 44 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

45. Denied as stated. The Attorney General admits that the State of Mississippi's election officials will conduct the 2012 congressional elections using the plan enacted by this Court or otherwise validly enacted by the legislature.

46. The allegations contained in paragraph 46 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken in this regard, the allegations are denied.

47. Denied as stated. The Attorney General admits that the Constitution and laws referenced in paragraph 47 of the complaint, and the documents affixed to the complaint as Exhibits "E" and "F," speak for themselves.

48. Denied as stated. The Attorney General admits that the court ordered plan referenced in paragraph 48 of the complaint and the document submitted by plaintiffs as Exhibit "E" speak for themselves.

49. Denied as stated. The Attorney General admits that the document submitted by plaintiffs as Exhibit "E" speaks for itself.

50. Denied as stated. The Attorney General admits that the document submitted by plaintiffs as Exhibit "E" speaks for itself.

51. Denied as stated. The Attorney General denies that any of his actions or inactions have been intentional, deliberate, and invidious or have resulted in discrimination against the plaintiffs.

52. Denied as stated. The Attorney General denies that any of his actions or inactions have caused plaintiffs to suffer a violation of their constitutional or statutory rights.

## CAUSES OF ACTION

### COUNT 1 - ARTICLE 1, SECTION 2 (ONE PERSON ONE VOTE)

53. The allegations contained in paragraph 53 of the complaint state legal conclusions and therefore do not require a response by the Attorney General. If the Attorney General is mistaken

in this regard, the allegations are denied.

### COUNT II - 14TH AMENDMENT EQUAL PROTECTION (ONE PERSON ONE VOTE)

54.     The allegations contained in paragraph 54 of the complaint state legal conclusions and therefore do not require a response by the Attorney General.  If the Attorney General is mistaken in this regard, the allegations are denied.

### CAUSATION AND INJURY

55.     Denied as stated.  The Attorney General denies that any of his actions or inactions have caused plaintiffs to suffer a violation of their federal and state constitutional rights, and denies that he is liable for plaintiffs incurred expenses, attorneys fees and/or court costs.

### EQUITABLE RELIEF

### DECLARATORY JUDGMENT

56.     Denied as stated.  The first sentence of paragraph 75 of the complaint states legal conclusions and cites to constitutions, laws and statutes which speak for themselves and do not require a response by the Attorney General.  If the Attorney General is mistaken in this regard, the allegations in the first sentence are denied.  With respect to the remainder of the allegations in paragraph 56 of the complaint, those allegations are denied as stated.  The Attorney General admits that the Mississippi Legislature has failed to adopt a reapportionment plan for congressional districts based on 2010 U.S. Census data, and the existing court ordered plan appears to be malapportioned based on that data.

### INJUNCTIVE RELIEF

57.     Denied as stated.  The Attorney General denies that plaintiffs are entitled to the relief as specified in paragraph 57 of the complaint.  The Attorney General admits that, as of this filing,

a three judge panel has been convened and thus submits that any request for a temporary restraining order pending appointment of a three judge panel is moot. The Attorney General further admits that the Court has indicated its intent to draw and order a new congressional redistricting plan be implemented in sufficient time to comply with the election schedule and deadlines for the 2012 elections, in the absence of legislative action.

OTHER EQUITABLE RELIEF

58.     Denied.

The Attorney General denies the allegations contained in the unnumbered paragraph starting on page 12 of the complaint and beginning with "WHEREFORE, PREMISES CONSIDERED...," except that it is admitted that a three-judge panel of this Court should issue declaratory and injunctive or other necessary relief to remedy the existing court ordered apportionment plan for the Mississippi congressional districts that appears to be malapportioned based on 2010 U.S. Census data.

Any and all allegations of the complaint which have not been specifically admitted by the Attorney General are hereby denied.

FOR THESE REASONS, the Attorney General respectfully requests that his Answer be received and the Court grant the relief requested by him as set forth above.

THIS the 12th day of December, 2011.

                Respectfully submitted,

                JIM HOOD, IN HIS OFFICIAL CAPACITY
                AS ATTORNEY GENERAL FOR
                THE STATE OF MISSISSIPPI AND AS
                MEMBER OF THE STATE BOARD
                OF ELECTION COMMISSIONERS

          By:    <u>S/Harold E. Pizzetta, III</u>
                 Harold E. Pizzetta, III (Bar No. 99867)
                 *hpizz@ago.state.ms.us*
                 Justin L. Matheny (Bar No. 100754)
                 *jmath@ago.state.ms.us*

Office of the Attorney General
Civil Litigation Division
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3860
Facsimile: (601) 359-2003

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been filed electronically with the Clerk of Court and thereby served on all persons who have appeared as counsel of record in this action.

     THIS the 12th day of December, 2011.

                                        <u>S/Harold E. Pizzetta, III</u>
                                        Harold E. Pizzetta, III